UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
IRA BLOOM,                          :
                                    :    CIV. ACTION NO. 21-967(RMB)
          Petitioner                :
     v.                             :
                                    :    **MEMORANDUM AND ORDER**
DAVID E. ORTIZ,                     :
                                    :
          Respondent                :
_____:

This matter comes before the Court upon Petitioner Ira Bloom's Rule 15 motion to amend ("Mot. Rule 15, Dkt. No. 5) his petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking application of Earned Time Credits under the First Step Act. For the reasons discussed below, the Court will direct the Clerk of Court to file Petitioner's motion to amend as a new civil action, and deny his motion to amend the present habeas petition.

28 U.S.C. § 2241(c)(3) provides that "The writ of habeas corpus shall not extend to a prisoner unless-- [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" Jurisdiction under § 2241 is appropriate when a petitioner challenges the fact or length of confinement, as in Petitioner's original petition where he requested immediate release upon application of his Earned Time Credits. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (describing difference

between § 2241 habeas claim and civil rights claim under § 1983 [or its federal counterpart, a Bivens claim.] In his motion to amend, Petitioner seeks to add a claim against Corrections Officer X. Ponce for verbal, mental and sexual harassment, which caused Petitioner to miss Jewish religious services. For relief, Petitioner requests "I need my issues with C.O. X. Ponce resolved immediately so I can resume attending Jewish Religious Services." (Mot. Rule 15, Dkt. No. 5.)

Pursuant to Leamer, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." 288 F.3d at 542. A finding that Ponce burdened Plaintiff's ability to practice his religion would not alter Petitioner's sentence or undo his conviction. Therefore, the Court will deny Petitioner's motion to amend his habeas petition, but direct the Clerk to file Petitioner's "Motion Rule 15" as a civil complaint in a new action. Because Petitioner has not paid the $402 filing fee or submitted an application to proceed *in forma pauperis* ("IFP") for his new civil action, the Court will administratively terminate the new action, subject to reopening upon submission of the filing fee or an application under 28 U.S.C. § 1915(a).

**IT IS** therefore on this **17th day of November 2021**,

**ORDERED** that Petitioner's Motion Rule 15 (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that the Clerk shall open a new civil action and file a copy of this Order and file Petitioner's Motion Rule 15 (Dkt. No. 5) as a complaint in the new action; the Clerk shall administratively terminate the new action for failure to pay the filing fee or submit an IFP application under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank "Affidavit of Poverty and Account Certification (Civil Rights)" upon Petitioner by regular U.S. mail; and it is further

**ORDERED** that Petitioner may seek to reopen his new civil action, within 30 days of the date of entry of this Order, by paying the filing fee or submitting his properly completed IFP application

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**